# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: April 12, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| SUZANNE E. MCANDREWS and | * | No. 17-494V |
| TIMOTHY R. MCANDREWS, Parents | * | |
| and Natural Guardians of P.C.M., a minor, | * | Chief Special Master Dorsey |
| | * | |
| Petitioners, | * | |
| | * | |
| v. | * | Measles, Mumps, Rubella; |
| | * | Failure to Prosecute; |
| SECRETARY OF HEALTH | * | Insufficient Proof. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

Robert Joel Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioners.
Ilene Claire Albala, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION DISMISSING PETITION[1]

On April 7, 2017, Suzanne and Timothy McAndrews ("petitioners") filed a petition for compensation with the National Vaccine Injury Compensation Program[2] on behalf of their minor son, P.C.M. Petitioners alleged that P.C.M. developed encephalitis and/or encephalopathy, developmental regression, developmental delay, and related injuries after receiving the Measles, Mumps, Rubella combination vaccine ("MMR") on April 7, 2014. Petition at 1. Because petitioners alleged a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table –

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. §300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

corresponding to a vaccination, the case was assigned to the Special Processing Unit ("SPU") for expedited resolution.

Petitioners first filed medical records on April 12, 2017. Petitioners then filed their first motion for extension of time on April 21, 2017, which was granted by the undersigned. Petitioners filed additional medical records on May 11, 2017, May 18, 2017 and June 2, 2017, followed by a second motion for extension of time on June 20, 2017, to file additional medical records and a statement of completion, which the undersigned granted. After filing several other motions for extension of time, on October 30, 2017, petitioners filed additional medical records.

On December 11, 2017, petitioners filed a seventh motion for extension of time to allow petitioners' attorney time to confer with petitioners about how they wished to proceed in the case and for petitioners' attorney to move to withdraw from the case. Thereafter, the undersigned held a status conference with the parties on January 16, 2018. During this conference, petitioners' counsel stated that he had made multiple unsuccessful attempts to reach his clients. As a result of this status conference, the undersigned denied petitioners' motion, removed the case from SPU, and issued an order to show cause, instructing petitioners to show cause as to why this case should not be dismissed for insufficient proof and failure to prosecute, by March 30, 2018. As of the date of the filing of this decision, petitioners have failed to respond to the show cause order or file any of the requested additional documentation.

To receive compensation under the Program, petitioners must prove either: 1) that P.C.M. suffered a Table Injury corresponding to a vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). In the instant case, petitioners allege P.C.M. suffered a table injury – that P.C.M. experienced an encephalopathy and/or encephalitis listed on the Vaccine Injury Table as a result of the MMR vaccine, and that such an injury first manifested in a time not less than five days and not more than fifteen days after receiving the MMR vaccination. Petition at 2. Thereafter, petitioners allege that P.C.M. had a chronic encephalopathy that persisted for more than six months beyond the date of the vaccination. Id.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In addition, it is petitioners' obligation to follow court orders and non-compliance is not favorably considered. Failure to follow Court orders, as well as failure to file medical records or an expert medical opinion, can result in dismissal of a petitioner's claims. Tsekouras v. Sec'y of Health &Human Servs., 26 Cl. Ct. 439 (1992), 991 F.2d 810 (Fed. Cir. 1993) aff'd per curiam without opin.; Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

The undersigned has allowed petitioners almost one year in which to file all necessary medical records and a statement of completion, and she has granted six of petitioners' requests for extension of time. The medical records that were filed in the case fail to satisfy the causation criteria established in Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274 (Fed. Cir. 2005). Additionally, petitioners have not retained a medical doctor to opine as to causation in their case, and none of P.C.M.'s treating physicians attribute his encephalopathy to any

2

vaccination.  See Moberly v. Sec'y of Health & Human Servs., 592 F.3d at 1315, 1323 (Fed. Cir. 2010); Pet'r's Ex. 5 at 79, 84.

**Thus, this case is dismissed for insufficient proof and failure to prosecute.  In the absence of a motion for review, the Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Chief Special Master
